Eckert Seamans Cherin & Mellott, LLC
Michael P. Kinkopf
1515 Market Street, 9th Floor
Philadelphia, PA  19102
Tel: (215) 851-8400
Fax: (215) 851-8383
mkinkopf@eckertseamans.com

Attorneys for Mitsubishi Motors Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES and JACQUELINE MONTGOMERY, Individually and as Administrators of the ESTATE of GARRETT MONTGOMERY, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> MITSUBISHI MOTORS CORPORATION, A foreign corporation; MITSUBISHI MOTOR SALES OF AMERICA, INC., a California Corporation; and DAIMLER CHRYSLER CORPORATION, a Delaware Corporation, <br><br> Defendants. | No. 04-cv-3234 |

**DEFENDANT'S, MITSUBISHI MOTORS CORPORATION ANSWER TO PLAINTIFFS' COMPLAINT, TOGETHER WITH AFFIRMATIVE DEFENSES**

Defendant, Mitsubishi Motors Corporation, now answers Plaintiffs' Complaint.

1. Denied. After reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, therefore, said averments are denied and proof thereof is demanded.

2. Denied. The averments of this paragraph constitute conclusions of law to which no responsive pleading is required.

3. Denied. After reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, therefore, said averments are denied and proof thereof is demanded.

4. Denied as stated. Mitsubishi Motors North America, Inc. ["MMNA"] is a California corporation that does business in the Commonwealth of Pennsylvania. Mitsubishi Motors Corporation ("MMC") is a Japanese Corporation. Assuming the information in Plaintiffs' Complaint is correct, the subject Mitsubishi Montero would have been designed by Mitsubishi Motors Corporation and sold to Mitsubishi Motors North America, Inc., for distribution in the United States. DaimlerChrysler would not have been involved in the design, manufacture, or sale of this vehicle. The remaining averments of this paragraph are denied. Moreover, to the extent averments in this paragraph are directed to other than answering defendants, no response is required.

5. Denied.

### WRONGFUL DEATH ACTION

6. Defendant, MMC, incorporates its responses to the averments of paragraphs 1 through 5 as if set forth herein.

7. Denied.

8. Denied.

9. Denied as a conclusion of law.

## SURVIVAL ACTION

10. Defendant, MMC, incorporates by reference its responses to paragraphs 1 through 10 as if set forth herein.

11. Denied.

## COUNT I

12. Defendant, MMC, incorporates by reference its responses to each paragraph set forth above as if set forth herein.

13. (a)-(f) Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

WHEREFORE, defendant, MMC, demands judgment against plaintiffs, together with costs therefor.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs and/or their decedent may have been contributorily and/or comparatively negligent and, therefore, the injuries and/or damages of plaintiffs are limited by the Pennsylvania Comparative Negligence Act and/or the Pennsylvania Tortfeasors Law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Federal Preemption.

### FOURTH AFFIRMATIVE DEFENSE

The injuries and/or losses sustained by plaintiffs were caused entirely by or contributed to by the negligent or liability-producing acts or omissions of individuals and/or entities other than MMC.

### FIFTH AFFIRMATIVE DEFENSE

The negligent acts or omissions of individuals or entities other than answering defendant may have constituted intervening and/or superceding acts of negligence.

### SIXTH AFFIRMATIVE DEFENSE

Any acts or omissions of answering defendant, MMC, alleged to constitute negligence, were not substantial causative factors of plaintiffs' injuries and/or losses.

### SEVENTH AFFIRMATIVE DEFENSE

If MMC manufactured in part, assembled, delivered and/or sold the product as alleged, the product was not in a defective condition at the time it left the possession and control of MMC.

### EIGHTH AFFIRMATIVE DEFENSE

If MMC manufactured in part, assembled, delivered and/or sold the product as alleged, the product may have been substantially altered and/or changed after it left the possession, custody and control of MMC.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to provide MMC with timely notice of any breach of warranty as required by law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' actions may be barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

The product in question may have been purchased from an entity other than MMC.

## TWELFTH AFFIRMATIVE DEFENSE

The product may have been misused or abnormally used before or at the time of the occurrence of the subject incident which was a substantial factor in causing the accident and/or plaintiffs' injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, defendant, MMC, complied with all applicable laws, regulations and standards.

## FOURTEENTH AFFIRMATIVE DEFENSE

Other individuals may have been negligent with respect to the maintenance of the subject product, and, therefore, the sole cause or a substantial cause of the accident described in plaintiffs' Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' decedent, may have assumed the risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

MMC neither owed nor violated any duties to the plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' decedent, may not have been wearing the available system in the subject vehicle.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without proof of every element beyond a reasonable doubt, would violate MMNA's due process rights under the Fourteenth Amendment to the United States Constitution and under the Due Process provisions of Pennsylvania's Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under the law of the State of Pennsylvania, without bifurcating the trial of punitive damages issues, would violate defendant's Due Process rights guaranteed by the Fourteenth Amendment to the United States Constitution and under the Due Process provisions of Pennsylvania's Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages based on anything other than defendant's conduct in connection with the manufacture, sale or distribution of the vehicle described in the Complaint would violate the Due Process laws of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy clause of the Fifth Amendment as incorporated under the

Fourteenth Amendment and the provisions of the Pennsylvania Constitution guaranteeing Due Process and bring double jeopardy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages based on anything other than defendant's conduct in the State of Pennsylvania would constitute impermissible punishment for extra-territorial conduct in violation of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy clause of the Fifth Amendment as incorporated in the Fourteenth Amendment and provisions of the Pennsylvania Constitution guaranteeing Due Process and barring double jeopardy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Unless defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate defendant's Due Process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Due Process provisions of the Pennsylvania Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claim of plaintiff for punitive damages against defendant cannot be sustained, because an award of punitive damages under Pennsylvania law by a jury that (1) has not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of the punitive damages award, (2) is not instructed on the limits on punitive damages

imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages in whole or in part on the basis of invidiously discriminatory characteristics including the corporate status of defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on t eh basis of objective standards; will violate defendant's Due Process and Equal Protection Rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the state constitutional provisions providing for Due Process, Equal Protection, and guarantee against double jeopardy; and (6) any award of punitive damages based on anything other than defendant's conduct in connection with the manufacture, sale or distribution of the specific single vehicle that is the subject of this lawsuit could violate the Due Process clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment because any judgment for punitive damages in this case cannot protect defendant against impermissible multiple punishment for the same wrong.

## DEMAND FOR JURY TRIAL

Jury trial is demanded with a jury of twelve jurors as to all issues by defendant, Mitsubishi Motors Corporation.

WHEREFORE, defendant, Mitsubishi Motors Corporation [MMC] demands judgment against Plaintiffs, together with costs therefor.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Dated: August 19, 2004    By: _____
Michael P. Kinkopf, Esquire
1515 Market Street, 9th Floor
Philadelphia, PA  19102

Attorney for Defendants
Mitsubishi Motors Corporation

## CERTIFICATE OF SERVICE

I, Kristine Francis, certify that on this 19th day of August, 2004, I served a true and correct copy of the foregoing Answer via U.S. first class mail, postage pre-paid upon the following:

        Larry E. Coben, Esquire
        Coben & Associates
        8710 East Vista Bonita Drive
        Scottsdale, AZ  85255
        (480) 515-4745

        /s/ Kristine Francis
        Kristine Francis
        Legal Assistant to:
        MICHAEL P. KINKOPF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES and JACQUELINE MONTGOMERY, Individually and as Administrators of the ESTATE of GARRETT MONTGOMERY, Deceased,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>MITSUBISHI MOTORS CORPORATION, A foreign corporation; MITSUBISHI MOTOR SALES OF AMERICA, INC., a California Corporation; and DAIMLER CHRYSLER CORPORATION, a Delaware Corporation,<br><br>　　　　　Defendants. | No.  04-cv-3234<br><br>**STIPULATION TO EXTEND TIME TO ANSWER** |

AND NOW, this __20__ day of August, 2004, is hereby stipulated by and between the below-named counsel in this case that Defendants, Mitsubishi Motors Corporation and Mitsubishi Motors North America, Inc. [formerly known as Mitsubishi Motors Sales of America, Inc.] shall be afforded an additional twenty (20) days beyond the current due date in order to answer Plaintiff's Complaint.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: _____
　　Edward A. Gray, Esquire
　　1515 Market Street, 9th Floor
　　Philadelphia, PA  19102
　　Attorney for Mitsubishi

COBEN & ASSOCIATES

By: _____
　　Larry E. Coben, Esquire
　　8710 East Vista Bonita Drive
　　Scottsdale, AZ  85255
　　Attorney for Montgomery

BY THE COURT:

_____ J.